IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA LAWRENCE GOODCHILD : CIVIL ACTION
:
v. :
:
CBS CORPORATION, et al. : NO. 08-4797

**MEMORANDUM**

**Baylson, J.** December 24, 2009

Defendants have filed a Motion for Summary Judgment asserting that Plaintiff's claims for damages as a result of discrimination alleged under the Age Discrimination Employment Act ("ADEA") and for retaliation should be dismissed for failure to present sufficient evidence from which a jury could find in Plaintiff's favor. After extensive briefing, including the submission of voluminous exhibits, the Court held oral argument on December 22, 2009.

In Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006), the third Circuit set forth the basic elements of an ADEA claim as follows:

> To state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination.

Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343 (2009) held that a plaintiff bringing a disparate treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The court rejected lower court decisions which held that a burden-shifting analysis should be used as in Title VII cases because "the ADEA's text does not provide that a plaintiff may establish

-1-

discrimination by showing that age was simply a motivating factor."

Counsel did not cite <u>Gross</u> in any of their briefs. On December 22, 2009, the same day that the Court held oral argument, the Third Circuit decided <u>Smith v. City of Allentown</u>, _____ F.3d _____ 2009 WL4912120, which acknowledged <u>Gross</u>, but held that it did not require a change in the Third Circuit precedents requiring application of the well known <u>McDonell-Douglas</u> burden-shifting procedure in age discrimination cases. Although the undersigned had opined at the oral argument that <u>Gross</u> required a reassessment of the Third Circuit case law in age discrimination cases, this Court must follow the Third Circuit's holding in <u>Smith</u>. In doing so, the Court acknowledges that both counsels' briefs in this case adhere to the <u>McDonell-Douglas</u> procedure, albeit reaching different conclusions.

In reassessing the Court's comments at the oral argument in light of <u>McDonell-Douglas</u>, the Court concludes that Plaintiff did establish a prima facie case and that Defendants came forward with non-discriminatory reasons regarding Plaintiff (and Plaintiff does not dispute this). In the Court's view, Plaintiff has succeeded in presenting sufficient evidence for a jury to find pretext and also sufficient evidence for a jury to conclude that Plaintiff's age was the "but-for" cause of the allegedly adverse employment action.

The Court notes only in passing that the Third Circuit holding in <u>Smith</u> is contrary to the Model Jury Instructions adopted by a committee of judges within the Third Circuit. <u>See</u> § 8.1 and the Comments.

The Court also notes in passing Footnote 4 of <u>Gross</u>, which emphasizes that the Court was not making any judgments as to the type or quantum of evidence required and implying that circumstantial evidence would be sufficient to meet the <u>Gross</u> test, as it is, under current law,

sufficient to show pretext under the McDonell-Douglas procedure.

At the oral argument, the Court recited many facts from the record, particularly from Plaintiff's detailed affidavit, filed pursuant to Rule 56(e), which the Court concludes is sufficient to warrant a jury trial in this case. Although Defendants are correct that certain portions of Plaintiff's affidavit are based on inadmissible hearsay, and other portions make assertions of fact, without specifically stating the Plaintiff's basis for knowledge, there are sufficient facts in the affidavit based on Plaintiff's own knowledge, specifically her personal and detailed recollections of her conversations with Defendants' supervisory employees, to satisfy the pretext requirement. Many of these were cited at the oral argument and need not be repeated. In short, the record shows that when Plaintiff was over forty years of age, Defendants hired two younger account executives, transferred some of Plaintiff's clients to them or others, and thereafter took certain actions as to the Plaintiff (principally decisions concerning Plaintiff's clients which Defendants had reason to know would reduce Plaintiff's income) which a jury might legitimately conclude constituted adverse employment actions.

Defendants dispute these conclusions, relying on other recent Third Circuit cases, such as Dorfman v. Pine Hill Board of Education, (non precedential opinion dated September 30, 2009), 2009 WL315753, and Marione v. Metropolitan Life Insurance Co., (non precedential opinion dated July 31, 2006), 2006 WL2134650. These non precedential holdings do not control the present case, but regardless, the facts in these cases are not as compelling as the totality of facts in the present case.

The Defendants' brief, although well written, take a myopic view of the evidence with interpretations favorable only to the Defendants and refusing to acknowledge any contrary

-3-

interpretation favorable to the Plaintiff. Defendants' advocacy is not a substitute for a neutral judge's review and an open mind as to inferences that a lay jury can legitimately draw from disputed issues of fact, including the Plaintiff's sworn testimony, together with other evidence, documented in Plaintiff's brief and exhibits, consisting of documents and depositions of Defendants' employees. Together with Plaintiff's own testimony, the record constitutes sufficient admissible circumstantial evidence for a jury to conclude that Defendants did discriminate against Plaintiff because of her age.

The Court identifies for trial the following factual issues:

1. Did Defendants discriminate against Plaintiff because of her age?

2. Did any of the acts or omissions that took place constitute adverse employment actions?

3. Were Defendants' reasons for their conduct pretextual?

4. Was Plaintiff's age the "but-for" cause of those employment actions?

5. Did Plaintiff's complaints to Defendants result in retaliatory conduct by Defendants?

6. Did Plaintiff suffer damages caused by Defendants' conduct?

7. At the oral argument, defense counsel raised the statute of limitations issue which had not been raised in Defendants' Motion or in any of the briefs. The Court refuses to consider this issue in ruling on the pending Motion.

The Court also finds that the circumstantial evidence is sufficient as to Plaintiff's claim of retaliation because the conduct took place after Plaintiff complained that Defendants were taking away her clients and reducing her compensation because of her age.

For these reasons, the Court will deny Defendants' Motion for Summary Judgment.

An appropriate Order follows.

O:\CIVIL 07-08\08-4797 Goodchild v. CBS\Goodchild v. CBS - Memo MSJ.wpd